FILED

2010 Jun-29  AM 11:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

**JASON COOK and JASON COOK**
**as parent and next friend of**
**KALUM COOK, a minor and**
**JENNIFER COOK,**

     **Plaintiffs,**

**vs.**                                                                    **CIVIL ACTION NO.: _____**

**CITY OF SULLIGENT ALABAMA ;**
**THE CITY OF SULLIGENT POLICE**
**DEPARTMENT; POLICE CHIEF WILLIS**
**STANFORD, in his official capacity of agent**
**for THE CITY OF SULLIGENT and THE**
**CITY OF SULLIGENT POLICE**
**DEPARTMENT and in his individual capacity;**
**OFFICER MICHAEL BANKHEAD individually**
**and in his officially capacity; LAMAR COUNTY**
**ALABAMA; LAMAR COUNTY, ALABAMA**
**SHERIFF'S DEPARTMENT; SHERIFF TERRY**
**PERKINS, in his official capacity as agent for**
**Lamar County and the Lamar County Sheriff's**
**Department, and in his individual capacity; and**
**DEPUTY RODNEY JONES, in his official**
**capacity as Deputy Sheriff for Lamar County,**
**Alabama and in his individual capacity,**

     **Defendants.**

## COMPLAINT

**I.     INTRODUCTION**

Plaintiffs, **JASON COOK and JENNIFER COOK,** bring this action to vindicate their

civil rights as secured by the Eighth and Fourteenth Amendment of the Constitution of the

United States.  Plaintiffs assert their claims for relief for Defendants' violation of the Eighth and

Fourteenth Amendment through 42 U.S.C. §1983 (hereinafter "1983").  The Plaintiffs request a

trial by jury of all issues triable by a jury.

Plaintiff, Jason Cook, in his capacity as parent and next friend of Kalum Cook brings this action to vindicate Kalum Cook's civil rights secured by the Eighth and Fourteenth Amendment of the Constitution of the United States. Plaintiff asserts Kalum Cook's claims for relief for Defendants' violation of the Eighth and Fourteenth Amendment through 42 U.S.C. §1983 (hereinafter "1983"). The Plaintiff requests trial by jury for all issues triable by a jury.

## II.      JURISDICTION AND VENUE

2.      The jurisdiction of this Court is instituted and authorized pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

3.      Defendants City of Sulligent, Alabama, the Sulligent Police Department, and Lamar County Sheriff's Department are located in Lamar County, Alabama. The Defendants Willis Stanford, Michael Bankhead, Terry Perkins, and Rodney Jones are all residents of Lamar County, Alabama. The Plaintiffs reside in Lamar County, Alabama. The unlawful act alleged herein occurred in Lamar County, Alabama. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

4.      Plaintiff, Jason Cook is over the age of nineteen (19) years of age and resides in Lamar County, Alabama. Plaintiff Jennifer Cook is over the age of nineteen (19) years of age and resides in Lamar County, Alabama.

5.      Defendant, the City of Sulligent, Alabama is a state actor subject to suit under 42 U.S.C. § 1983.

6.      Defendant, the City of Sulligent Police Department, is a state actor subject to suit under 42 U.S.C. §1983.

7.     Defendant, Lamar County, Alabama, is a state actor subject to suit under 42 U.S.C. §1983.

8.     Defendant Lamar County Sheriff's Department, is a state actor subject to suit under 42 U.S.C. § 1983.

9.     Defendant, Police Chief Willis Stanford was Chief of Police of the Sulligent Police Department at all times material to this action.  Defendant Willis Stanford was a state agent of the City of Sulligent and of the Sulligent Police Department and was a state actor acting under color of law.  Defendant Stanford is sued in his official capacity and in his individual capacity for violations of the Plaintiffs' rights, as further set out herein.

10.    Defendant, Police Officer Michael Bankhead was an officer of the Sulligent Police Department, Alabama at all times material to this action.  Defendant Bankhead was an agent of the Defendant City and the Department and was a state actor acting under color of law.  Defendant Bankhead is sued in his official capacity and in his individual capacity for violations of the Plaintiffs' rights, as further set out herein.

11.    Defendant, Sheriff Terry Perkins was the Sheriff of Lamar County, Alabama at all times material to this action.  Defendant Perkins was an agent of the Defendant County and Sheriff's Department and was a state actor acting under color of law.  Defendant Perkins is sued in his official capacity and in his individual capacity for violations of the Plaintiffs' rights, as further set out herein.

12.    Defendant, Rodney Jones was a deputy sheriff and an employee of the Lamar County Sheriff's Department at all times material to this action.  Defendant Jones was an agent for the Defendant County and Department and was a state actor acting under color of law.

Defendant Jones is sued in his official capacity and in his individual capacity for violations of the Plaintiffs' rights, as further set out herein.

## IV.    STATEMENT OF THE FACTS

13.    Plaintiffs hereby incorporate by reference, as if fully set out herein, Paragraphs 1 through 12.

14.    Jason Cook , Jennifer Cook, and Kalum Cook are residents of Alabama.

15.    On or about November 28, 2008, Jason Cook was driving through Lamar County with his family, being his wife, Jennifer Cook, and his minor child, Kalum Cook.  At approximately 8:00 p.m. he was pulled over by officer Rodney Jones of the Lamar County Sheriff's Department who was soon assisted by deputy Michael Bankhead of the Sulligent Police Department.

16.    Plaintiff, Jason Cook was stopped without probable cause and was subjected to search.

17.    Plaintiff Jason Cook did not offer any resistance to the directions of the officers, but was nonetheless dragged from his vehicle and tasered or otherwise electrocuted with a hand-held stun gun of unknown type or manufacture approximately fourteen (14) times by officers Michael Bankhead and Rodney Jones.  Further, Bankhead and Jones threw the Plaintiff, Jason Cook, to the ground whereupon Bankhead struck Plaintiff, Jason Cook, six or seven times in his head with handcuffs and four times with a flashlight.  Cook lost consciousness as a result of the blows and taser shocks.

18.    Plaintiff, Jason Cook suffered serious injuries and emotional distress, mental anguish and humiliation as a result of this attack.  These injuries were long lasting, and he continues to experience pain and suffering as a result thereof.  More specifically, Jason Cook

suffered severe pain, elevated blood pressure, a contused right eye, a large lip laceration, two fractures of his nose, a deviated septum which interferes with his breathing causing sleep apnea, abrasions to the left inner and left upper arm, left knee, large area to left back and large area of contusion to the left upper back, as well as bruising and abrasions to the right upper back.  There was also a very large area of bruising to Jason Cook's left arm extending above and below his elbow and a possible fracture of his ulna bone.  There are multiple abrasions from the taser burns to Jason Cook's left upper and mid back, left arm and elbow region, left upper arm, left lower side near the rib cage and right upper shoulder blade  region and right upper arm.  Jason Cook also suffers possible heart damage and post traumatic stress disorder.  Jason Cook was jailed and was not taken for medical treatment for approximately three (3) days.

19.     The Plaintiff's minor son, Kalum Cook, witnessed the incident and as a result, suffers severe psychological damage.  He has had trouble sleeping, is frightened by law enforcement, and is seeing a therapist as a result of this incident.  The Plaintiff's wife, Jennifer Cook, also witnessed the incident and as a result suffers severe psychological damage.  She is seeing a therapist as a result of this incident.  At no time did Plaintiffs incite the police officers.

20.     In taking the actions described above the Defendants acted with malice and/or deliberate indifference to the federally protected rights of Jason Cook, Jennifer Cook and Kalum Cook.

21.     As a proximate result of Defendants' actions, Jason Cook suffered severe emotional distress, mental distress, inconvenience, humiliation, and physical injury and suffering.

22.     As a proximate result of Defendants' actions, Kalum Cook and Jennifer Cook suffered severe emotional distress, mental anguish, humiliation, and pain and suffering.

V.    **CAUSE OF ACTON**

## COUNT 1

### EXCESSIVE USE OF FORCE

23.    The Plaintiffs re-allege and incorporate by reference paragraphs 1-22 above with the same force and effect as if fully set out in specific detail hereinbelow.

24.    Defendants, ratified, sanctioned and/or condoned the conduct of the police officers who stopped the Plaintiffs on February 4, 2009, including the subsequent unlawful and unnecessary and excessive use of force.

25.    In ratifying, sanctioning and/or condoning the use of excessive and unnecessary force on Plaintiff, Jason Cook, that resulted in Jason Cook's very serious injuries, Defendants acted with malice, callousness, evil intent and/or reckless indifference and/or deliberate indifference to the federally protected rights of Jason Cook, Jennifer Cook and their child, Kalum Cook.

26.    Defendants Stanford, Perkins, Bankhead, and Jones were exercising their positions of authority and acting under color of state law in their capacities as public officials and representatives of the City of Sulligent, County of Lamar, City of Sulligent Police Department, and Lamar County Sheriff's Department.

27.    By their actions and inactions in condoning, ratifying, and/or sanctioning the conduct of the responding officers, Defendants Willis Stanford, Terry Perkins, The City of Sulligent, and The County of Lamar, deprived Jason Cook of his right against cruel and unusual punishment and the due course of justice was impeded in violation of the Eighth Amendment of the Constitution of the United States.

28.     Plaintiffs, Jason Cook and Jennifer Cook assert this claim on behalf of themselves and their son, Kalum Cook, for excessive use of force in violation of the Eighth Amendment through the vehicle of 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

1.  Grant the Plaintiffs a declaratory judgment holding that the actions of the Defendants described hereinabove violated and continue to violate the rights of Jason Cook, Jennifer Cook and their minor child, Kalum Cook as secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments.

2.  Enter an Order requiring the Defendants to make the Plaintiffs whole by awarding compensatory damages against all Defendants and punitive damages against the individual Defendants.

3.  The Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to an award of costs, attorney's fees and expenses, and/or nominal damages.

Respectfully submitted this __Z T__ day of __JUNE__, 2010.

Donald W Lambert, ASB-5391-E52D
Attorney for Plaintiffs


John V. Martine, ASB-3752-j72m
Attorney for Plaintiffs

OF COUNSEL:

CLARK, SMITH & LAMBERT, P.C.
106 Lincoln Street
Huntsville, Alabama 35801
256-705-0200
FAX:  256-519-2200
Email: lambertdw@yahoo.com


JOHN V. MARTINE, ESQ.
178 Colony Street
Winfield, Alabama  35594
(205) 487-7022
Email: jvmartine@smalltownlawyer.net


**A SUMMONS IS NOT REQUESTED AT THIS TIME AS PLAINTIFF
INTENDS TO OFFER WAIVER OF SERVICE TO DEFENDANTS;
DEFENDANTS ARE:**

City of Sulligent
c/o Scott Boman, Mayor
P. O. Box 365
Sulligent Alabama 35586

City of Sulligent Police Department
c/o Chief Willis Stanford
P. O. Box 365
Sulligent, Alabama 35586

Chief Willis Stanford
P. O. Box 365
Sulligent, Alabama 35586

Lamar County Alabama
c/o Johnny Rogers, Judge of Probate
P. O. Box 338
Vernon, Alabama 35592

Lamar County Sheriff's Department
c/o Sheriff Terry Perkins
P. O. Box 770
Vernon, Alabama 35592

Sheriff Terry Perkins
P. O. Box 770
Vernon, Alabama 35592

Michael Bankhead
P. O. Box 365
Sulligent, Alabama 35586

Rodney Jones
P. O. Box 770
Vernon, Alabama 35592